UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| THOMAS J. LAWSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:15-CV-119-PLR-CCS |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

### REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding disposition by the District Court of Plaintiff's Motion for Judgment on the Pleadings and Memorandum in Support [Docs. 15 & 16] and Defendant's Motion for Summary Judgment and Memorandum in Support [Docs. 17 & 18]. Thomas Lawson ("the Plaintiff") seeks judicial review of the decision of the Administrative Law Judge ("the ALJ"), the final decision of the Defendant Carolyn W. Colvin, Acting Commissioner of Social Security ("the Commissioner").

On July 18, 2013, the Plaintiff filed an application for disability insurance benefits ("DIB"), claiming a period of disability which began August 1, 2009. [Tr. 138]. After his application was denied initially and upon reconsideration, the Plaintiff requested a hearing. [Tr. 103]. On July 10, 2014, a hearing was held before the ALJ to review determination of the Plaintiff's claim. [Tr. 27-40]. On November 14, 2014, the ALJ found that the Plaintiff was not disabled. [Tr. 8-22]. Thereafter, the Appeals Council denied the Plaintiff's request for review [Tr. 1-3]; thus, the decision of the ALJ became the final decision of the Commissioner.

Having exhausted his administrative remedies, the Plaintiff filed a Complaint with this Court on March 20, 2015, seeking judicial review of the Commissioner's final decision under Section 205(g) of the Social Security Act. [Doc. 2]. The parties have filed competing dispositive motions, and this matter is now ripe for adjudication.

I.      ALJ FINDINGS

The ALJ made the following findings:

> 1. The claimant meets the insured status requirement of the Social Security Act through December 31, 2015.
>
> 2. The claimant has not engaged in substantial gainful activity since April 1, 2011, the established onset date (20 CFR 404.1571 *et seq.*).
>
> 3. The claimant has the following severe impairments: chronic postoperative left knee osteochondral defect; articular cartilage loss and patellofermoral pain; chronic postoperative left knee anterior cruciate ligament deficiency; anxiety (alternately diagnosed as post-traumatic stress disorder); alcohol abuse; and obesity (20 CFR 404.1520(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.157(b) except in an eight-hour workday with normal breaks, the claimant can sit for five hours, stand for four hours, and walk for four hours. The claimant can perform no more than occasional postural activities; and must avoid requiring good hearing in his bilateral ears, although he can understand and comprehend ordinary conversational speech. The claimant can never climb ladders, ropes or scaffolds. Mentally, he is limited to simple and detailed instructions; can have occasional and casual interaction with co-workers, supervisors, and the general public for no more than one third of the workday. The claimant can tolerate no more than occasional changes in the job settings and routines; and cannot

2

perform highly stressful production rate or quota jobs in which x items must be produced in y amount of time.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on May 25, 1979 and was 32 years old, which is defined as a younger individual age 18-49, on the established disability onset date (20 CFR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564)

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has the transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

11. The undersigned has complied with the provisions of AR 98-3(b) relating to Drummond/Dennnard.

12. The claimant has not be under a disability, as defined in the Social Security Act, from April 1, 2011, through the date of this decision (20 CFR 404.1520(g)).

[Tr. 14-22].

## II.     DISABILITY ELIGIBILITY

This case involves an application for DIB. An individual qualifies for DIB if he or she: (1) is insured for DIB; (2) has not reached the age of retirement; (3) has filed an application for DIB; and (4) is disabled. 42 U.S.C. § 423(a)(1).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any

3

Case 3:15-cv-00119-PLR-CCS   Document 19   Filed 12/30/15   Page 3 of 12   PageID #: 567

medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). A claimant will only be considered disabled if:

> his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A); see 20 C.F.R. § 404.1505(a).

Disability is evaluated pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity ("RFC") and vocational factors (age, education, skills, etc.), he is not disabled.

Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). The claimant bears the burden of proof at the first four steps. Id. The burden shifts

to the Commissioner at step five. Id. At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. Her v. Comm'r of Soc. Sec., 203 F.3d 388, 391 (6th Cir. 1999) (citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987)).

**III.    STANDARD OF REVIEW**

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." Blakley v. Comm'r of Soc. Sec., 581 F.3d 399, 405 (6th Cir. 2009) (citing Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997)). If the ALJ applied the correct legal standards and his findings are supported by substantial evidence in the record, his decision is conclusive and must be affirmed. 42 U.S.C. § 405(g); Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Cutlip v. Sec'y of Health & Human Servs., 25 F.3d 284, 286 (6th Cir. 1994) (citing Kirk v. Secretary of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981)) (internal citations omitted); see also Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison v. NLRB, 305 U.S. 197, 229 (1938)).

It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. Crisp v. Sec'y of Health & Human Servs., 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "'zone of choice'

5

within which the Commissioner can act, without the fear of court interference." Buxton v. Halter, 246 F.3d 762, 773 (6th Cir. 2001) (quoting Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986)). Therefore, the Court will not "try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility." Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984) (citing Myers v. Richardson, 471 F.2d 1265 (6th Cir. 1972)).

In addition to reviewing the ALJ's findings to determine whether they were supported by substantial evidence, the Court also reviews the ALJ's decision to determine whether it was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner. See Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004). The Court may, however, decline to reverse and remand the Commissioner's determination if it finds that the ALJ's procedural errors were harmless.

An ALJ's violation of the Social Security Administration's procedural rules is harmless and will not result in reversible error "absent a showing that the claimant has been prejudiced on the merits or deprived of substantial rights because of the [ALJ]'s procedural lapses." Wilson, 378 F.3d at 546-47. Thus, the ALJ's procedural error here is harmless if her ultimate decision was supported by substantial evidence and the error did not deprive the claimant of an important benefit or safeguard. See id. at 547.

On review, the plaintiff "bears the burden of proving his entitlement to benefits." Boyes v. Sec'y. of Health & Human Servs., 46 F.3d 510, 512 (6th Cir. 1994) (citing Halsey v. Richardson, 441 F.2d 1230 (6th Cir. 1971)).

6

## IV. POSITIONS OF THE PARTIES

The Plaintiff argues that the ALJ committed reversible error by failing to adequately address the disability rating the Plaintiff had received from the Veterans Administration ("VA"). [Doc. 16 at 6-7]. In addition, the Plaintiff contends that the ALJ erred by failing to address whether Plaintiff's alcohol abuse was a contributing factor material to the disability determination. [Id. at 7].

The Commissioner responds that the ALJ properly considered the VA's disability rating, and that other substantial evidence in the record supported the ALJ's finding that the Plaintiff was not disabled under the Social Security Act. [Doc. 18 at 4-5]. Moreover, the Commissioner submits that the ALJ properly considered the Plaintiff's alcohol use, and that the Plaintiff's arguments to the contrary represent a misunderstanding of the regulations. [Id. at 7-8].

## V. ANALYSIS

The Court will address the Plaintiff's allegations of error in turn.

### A. VA's Disability Rating

The Plaintiff, who served in the United States Army between 2005 and 2010 [Tr. 31], was awarded service connected compensation on July 14, 2010, for injuries sustained through his military service. [Tr. 469-73]. Specifically, the Plaintiff was given an 80% combined disability rating by the VA due to posttraumatic stress disorder, left and right knee degenerative joint disease, residuals of trauma to the lumbosacral spine, tinnitus associated with bilateral hearing loss, and gastroesophageal reflux disease. [Tr. 471].

Although evidence of an impairment may include "[d]ecisions by any governmental or nongovernmental agency about whether [an individual is] disabled," 20 C.F.R. §

7

404.1512(b)(1)(v), these decisions are not determinative of disability, and the ALJ is not bound by them. See McCann v. Califano, 621 F.2d 829, 831 (6th Cir. 1980) (holding that a claimant's award of workmen's compensation benefits was not dispositive to his entitlement of social security benefits). This is because decisions from other agencies are based on that agency's own rules, whereas disability claims filed pursuant to the Social Security Act must be assessed by social security law. 20 C.F.R. § 404.1504; see Soc. Sec. Rul. 06-03p, 2006 WL 2329939, at *6 (Aug. 9, 2006) ("[B]ecause other agencies may apply different rules and standards than we do for determining whether an individual is disabled, this may limit the relevance of a determination of disability made by another agency."). Nonetheless, "[e]vidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered." Soc. Sec. Rul. 06-03p, 2006 WL 2329939, at *6.

The Plaintiff argues that "various Circuit Courts have said that the Social Security Administration must give [VA disability ratings] at least evidentiary weight." [Doc. 16 at 6]. The Plaintiff continues by citing to the Fourth, Fifth, Ninth, and Eleventh Circuit Courts of Appeal who have all held that a veteran's disability rating is entitled to "great weight." [Id.] (citing McCartey v. Massanari, 298 F.3d 1072 (9th Cir. 2002); Chambliss v. Massanari, 269 F.3d 520, 522 (5th Cir. 2001); Brady v. Heckler, 724 F.2d 914, 921 (11th Cr. 1984); De Loatche v. Heckler, 715 F.2d 148, 150 (4th Cir. 1983)).

While the Court of Appeals for the Sixth Circuit has held "that a disability rating from the [VA] is entitled to consideration," it has "not specified the weight such a determination should carry when determining social security disability eligibility." Ritchie v. Comm'r of Soc. Sec., 540 F. App'x. 508, 510 (6th Cir. Oct. 3, 2013) (citing Stewart v. Heckler, 730 F.2d 1065 (6th Cir. 1984)). Instead, the court has explained that a "disability rating by the Veterans

8

Administration is only one factor to be considered in making a social security disability finding," Ritchie, 540 F. App'x at 511, and that "an ALJ should explain the consideration given to these decisions in the notice of decision." LaRiccia v. Comm'r of Soc. Sec., 549 F. App'x 377, 388 (6th Cir. Dec. 13, 2013) (quoting Soc. Sec. Rul. 06–03p 2006 WL 2329939, at *6). Thus, this Court declines to agree with other circuit courts that have ruled that the disability rating, alone, is entitled to "great weight." Rather, our appellate court has instructed that ALJs must consider the VA's decision and then explain the consideration given to the decision. This standard approximates with social security regulations which reserve findings of disability to the Commissioner. See 20 C.F.R. § 404.1527(d)(1).

In the disability determination, the ALJ stated the following in regard to the Plaintiff's disability rating:

> The VA assessed the claimant with an 80% combined disability rating as of March 18, 2010 (Exhibit B8F). The VA's disability rating is another governmental agency's adjudicative finding based on its rules and is not a medical opinion that SSA adjudicators must evaluate under 20 CFR 404.1527 and 416.927. The VA disability rating, however, is evidence that an adjudicator must consider along with the other evidence in the case record. Because the VA disability rating reflects another agency's application of its own rules, it is generally of limited evidentiary value without consideration of the supporting evidence on which the rating was based.

[Tr. 19].

The Court finds that the ALJ appropriately considered the Plaintiff's disability rating by the VA. Although brief, the ALJ's discussion confirms that the VA's disability decision was considered, and the ALJ explained that the rating was of limited evidentiary value where there is a lack of supporting evidence explaining how the VA arrived at its conclusion. The Court finds the VA's decision in this case indeed lacks supporting evidence. While the letter awarding the

9

Plaintiff service benefits is included in the record, the letter itself does not provide an explanation of the how the VA determined that the Plaintiff was 80% disabled. [Tr. 469-73]. The letter only lists the medical conditions that make-up the Plaintiff's disability rating. [Tr. 4741]. Moreover, the remaining VA records [Tr. 246-430, 439-466] submitted by the Plaintiff only include treatment notes from September 2011 forward, thereby providing no evidence or insight that might explain or support the VA's determination in May 2010 that the Plaintiff was 80% disabled. Nor does the Plaintiff cite to the Court any medical records or opinions that would undermine the ALJ's decision to find little evidentiary value in the disability rating. Because claimants alleging disability under the Social Security Act are subject to a more rigorous standard of proof than those applying for disability benefits under the VA, Paul v. Astrue, 827 F. Supp. 2d 739, 743 (E.D. Ky. 2011), the Court finds that it was appropriate for the ALJ to decline endorsement of the VA's disability decision where the decision does not accompany corroborating support or explanation for its decision.

Accordingly, the Plaintiff's allegation of error is without merit.

### B. Materiality of Plaintiff's Alcohol Abuse

The Plaintiff also argues that the ALJ erred in her treatment of the Plaintiff's alcohol abuse by failing to determine whether, pursuant to 20 C.F.R. § 404.1535, the Plaintiff's alcoholism is a material factor that contributes to the disability determination. [Doc. 16 at 7].

The Commissioner argues that the Plaintiff misunderstands the regulation which instructs adjudicators to consider the materiality of a claimant's alcoholism and drug abuse only after a finding of disability has been made. [Doc. 18 at 7-8].

The Court concurs with the Commissioner that the Plaintiff's reliance on the regulation is

10

misplaced. In relevant part, 20 C.F.R. § 404.1535(a) provides, "*If we find that you are disabled and have medical evidence of your drug addiction or alcoholism, we must determine whether your drug addiction or alcoholism is a contributing factor material to the determination of disability.*" (emphasis added). Consequently, "[s]ubstance abuse is not considered until the Commissioner first makes a finding that a claimant is disabled." Gayheart v. Comm'r of Soc. Sec., 710 F.3d 365, 380 (6th Cir. 2013) (citing id.).

In the present case, the ALJ found that the Plaintiff's alcohol abuse was a severe impairment [Tr. 14] and observed in the residual functional capacity portion of the decision that the Plaintiff continued to abuse alcohol even though he had reportedly stopped [Tr. 19]. However, because the ALJ ultimately concluded that the Plaintiff was not disabled, the ALJ was under no obligation to discuss whether the Plaintiff's alcohol abuse is a "contributing factor material to the determination of disability" pursuant to 20 C.F.R. § 404.1535. See Brewer v. Astrue, No. 3:10-CV-71, 2010 WL 5488528, at *7 (E.D. Tenn. Dec. 10, 2010) adopted by No. 3:10-CV-71, 2011 WL 13454, at *1 (E.D. Tenn. Jan. 4, 2011) (holding that the ALJ did not err in failing to evaluate the Plaintiff's claim under 20 C.F.R. § 404.1535 because the Plaintiff was not disabled).

Therefore, the Plaintiff's allegation of error in this regard is not well-taken.

## VI. CONCLUSION

For the reasons stated herein, it is hereby **RECOMMENDED**[1] that the Plaintiff's Motion for Judgment on the Pleadings [**Doc. 15**] be **DENIED**, and the Commissioner's Motion for Summary Judgment [**Doc. 17**] be **GRANTED**.

Respectfully submitted,

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).